PARKER, et al. *v.* AINSWORTH

No. 40833          June 9, 1958          103 So. 2d 389

*Satterfield, Shell, Williams & Buford,* Jackson, for appellants.

*McFarland & McFarland*, Bay Springs, for appellee.

ROBERDS, P. J.

This proceeding involves the right of Otis Ainsworth, the appellee, to reform a deed executed to him February 19, 1955, by Miss Erlene Parker, one of the appellants. The deed conveyed approximately two hundred and twenty-two acres. Ainsworth contends that it should have also included a tract of approximately five and three-tenth acres adjoining the land which was included within the deed, but that said five and three-tenth-acre-tract was omitted from the deed through mutual mistake or through fraud on behalf of Miss Parker. He filed the bill in this cause seeking reformation of the deed so as to include said five and three-tenth acres.

Miss Parker, in her answer, denied that the tract of five and three-tenth acres was omitted through mistake or fraud. Her contention in this respect is that she never sold the five and three-tenth acres to Ainsworth. She also, by cross bill, claimed to have been damaged by Ainsworth's retention of the omitted tract and his refusal to

deliver possession thereof to her. She prayed that Ainsworth's claim to the land be cancelled and that her title thereto be established, and that she be given damages resulting from the withholding from her of the possession of the land.

The bill by Ainsworth charged that appellant Corley obtained a deed to some of the minerals on the omitted tract after Miss Parker executed her deed to him, but that Corley knew when he received his deed that the five and three-tenth acres was the property of Ainsworth. The bill prayed that Corley's claim under that deed from Miss Parker be cancelled as a cloud upon his title.

Corley, by answer, denied that when he got his mineral deed from Miss Parker that he knew the land belonged to Ainsworth. By cross bill, he prayed that Ainsworth's claim be cancelled as a cloud upon his title. Those were the issues and the only issues made by the pleadings.

Considerable proof was taken upon the issues presented to the lower court. The chancellor sustained Ainsworth's bill and reformed the deed so as to include the five and three-tenth acres against both Miss Parker and Corley. He dismissed the cross bills of these parties and they appealed to this Court.

In the briefs of appellants no contention is made that the chancellor was not justified under the evidence in reforming the deed and in dismissing the cross bills. The entire argument of appellants on this appeal is that Ainsworth should not be permitted to have the deed reformed because he did not come into the court of equity with clean hands. No such issue was presented in the lower court by the pleadings. However, we will deal with it in this opinion, that being the only question presented to us.

■■■ The deed which Miss Parker executed to Ainsworth was placed in escrow with the First National Bank of Laurel, Laurel, Mississippi, to be by that bank delivered to Ainsworth when an existing deed of trust against

the land should be paid and satisfied, and when the purchase price should be paid. This escrow agreement contained the further provision that Ainsworth "was to convey to Erlene Parker by royalty deed two acres of royalty in the east forty of the land described in the deed * * *'' Appellants say that Ainsworth has not executed to Miss Parker the foregoing deed and this precludes the right of Ainsworth to have the deed from Miss Parker to him reformed, citing Section 43, Miss. Chancery Practice by Griffith, 2d Ed., p. 45. The rule is well established, as set out in said section, that a complainant, to be entitled to equitable relief, must come into court with clean hands, but the rule has no application under the facts of this case. Ainsworth testified that after delivery of the deed by Miss Parker to him that he, as an accommodation, permitted her to reside upon and continue in the possession of the conveyed land some three months; and that his purchase of the property was a walkout proposition and included, not only the real property, but all of the personal property on the farm except the household furniture which belonged to Miss Parker. There was no dispute about that. It is further shown, without contradiction, that when Miss Parker left the premises she removed therefrom and carried away considerable personal property, such as bathroom fixtures, water and space heaters, shrubbery, and other property, all of the value of at least $250, and that he, Ainsworth, informed Miss Parker that he was ready to execute the mineral deed provided she would return the property she had wrongfully taken from the premises and that she had refused to return any of it. Also, it is shown that Miss Parker agreed to pay one-half of the fees of the attorney for examining the title to the property and for the preparation of the deed and escrow agreement, which she refused to do. These facts are established without contradiction in this record. ▬▬ ▬ We are of the opinion that these circumstances in no manner preclude Ains-

worth from the exercise of the right to have the deed reformed so as to include the five and three-tenth acres. The personal property wrongfully taken by Miss Parker and the arrangement for the payment of the attorney constitute a part of the subject matter involved in this litigation. As above-stated, the pleadings in the lower court in no manner presented to the chancellor the right of Miss Parker to said two-acre mineral deed. That question was not before the chancellor and he did not pass upon it. It is not before us. The contention of unclean hands is directed only to the right of Ainsworth to have the deed reformed,—not to his obligation, if any, to convey Miss Parker two mineral acres.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.